ANDREW J. BARBOUR vs. J. KISE HALL.

MARCH 13, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Appeal and Error. Power of Trial Justice to Grant New Trial. Review by Supreme Court.*

As the justice presiding at a jury trial may freely and independently exercise his power to grant a new trial whenever in his judgment the verdict fails to administer substantial justice, such disapproval of a verdict by him will be maintained by the appellate court, unless it appears clearly that his conclusion was erroneous.

ASSUMPSIT. Heard on exceptions of plaintiff and overruled.

PER CURIAM. The parties entered into a written contract wherein the plaintiff agreed to build a house for the defendant. The plaintiff asserts and the defendant denies that the original contract was abandoned and a new contract entered into by the parties whereunder the house was completed. The plaintiff claimed that a balance of over twelve hundred dollars with interest was due him under the new contract. The defendant admitted that he owed the plaintiff about one hundred and sixty dollars. The jury found for the plaintiff and assessed his damages at $1,306.13.

The defendant filed his motion for a new trial upon the ground that the damages awarded were excessive.

The justice of the superior court who presided at the trial was of the opinion "that the evidence clearly does not preponderate in favor of the plaintiff's claim that the original contract was abandoned and the new one entered into," and concerning the damages, he used the following language: "I have reached the conclusion that the verdict should not stand for a larger amount than $465. Unless, therefore, the plaintiff shall within ten days after the filing hereof, in writing, remit all of the verdict in excess of $465, the defendant's motion for a new trial will be granted."

The plaintiff did not embrace the opportunity thus afforded

him, but took an exception to the said ruling of the superior court, and the case is before this court upon the plaintiff's bill of exceptions.

We have had occasion to refer to the rules that govern the *nisi prius* courts in the consideration of a motion for a new trial,—See *Wilcox* v. *R. I. Co.*, 29 R. I. 292; *Noland* v. *R. I. Co.*, 30 R. I. 246, and *McMahon* v. *R. I. Co.*, 32 R. I. 237.

For the attainment of the highest degree of efficiency in the administration of justice it is absolutely necessary for the justices who preside over jury trials to freely and independently exercise their power to grant new trials "whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice in the case." And whenever the verdict of a jury has been so disapproved by the judge, such exercise of his power will be maintained by this court unless it clearly appears that his conclusion is erroneous. No such error is apparent in this case.

The plaintiff's exception is therefore overruled and the case is remitted to the Superior Court for a new trial.

*Charles H. McKenna*, for plaintiff.

*Seeber Edwards, Edwards & Angell*, for defendant.